IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50627
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellant,

v.

DAVERNE M FOY,

                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-96-CA-101)
_____
June 3, 1997
Before KING, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    The government challenges the district court's conclusion

that it did not have authority to resentence Daverne M. Foy on

his drug convictions after granting Foy's 28 U.S.C. § 2255

petition and vacating his conviction under § 924(c)(1) for using

a firearm during a drug-trafficking offense.  We conclude that

the district court had authority under § 2255 to resentence Foy

and that such a resentencing does not implicate double jeopardy.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Thus, we reverse the district court's conclusion that it had no authority to resentence and remand for resentencing.

## I.  BACKGROUND

Foy was charged in a second superseding indictment with conspiracy to possess with intent to distribute cocaine base (count one), possession with intent to distribute cocaine base (count two), possession with intent to distribute marijuana (count three), using and carrying a firearm during a drug-trafficking offense (count four), and possession of a firearm bearing an obliterated serial number (count five).  Foy pleaded guilty to the charge of conspiracy to possess with intent to distribute marijuana in exchange for the dismissal of the other charges.  Prior to sentencing, the court rejected the plea agreement.

A jury found Foy guilty of counts one, three, four, and of the lesser-included offense of simple possession on count two. The district court sentenced Foy to two 97-month concurrent terms of imprisonment on counts one and three, a 12-month concurrent term of imprisonment on count two, a 60-month consecutive term of imprisonment on count four, a 5-year term of supervised release, and a $175 special assessment.

On direct appeal, this court vacated Foy's sentence and remanded the case to the district court to reconsider its rejection of the plea agreement.  *United States v. Foy*, 28 F.3d

464, 477 (5th Cir. 1994). The court instructed that if the district court on remand rejected the plea agreement, it should resentence Foy based on a specific finding as to the relevant drug quantity. On remand, the district court reaffirmed its rejection of the plea agreement. After making specific findings as to the relevant drug quantity, the court sentenced Foy to concurrent terms of imprisonment of 51 months on counts one and three, a concurrent 12-month term of imprisonment on count two, and a consecutive 60-month term of imprisonment on count four. This court dismissed Foy's appeal following the filing by counsel of an *Anders*[1] brief.

Foy filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, arguing that his sentence for using and carrying a firearm during and in relation to a drug-trafficking offense should be vacated in light of *Bailey v. United States*, 116 S. Ct. 501 (1995). The government conceded that Foy's § 924(c)(1) conviction should be dismissed.[2] The government argued that the district court should resentence Foy on counts one through three. Foy filed a response, arguing that the

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] In *Bailey*, the Supreme Court held that a conviction for "use" of a firearm during and in relation to a drug-trafficking crime (18 U.S.C. § 924(c)(1)) requires "active employment of the firearm," which is more than mere possession. 116 S. Ct. at 506. The government has conceded that the evidence presented at trial is insufficient to prove that Foy actively employed a firearm.

3

district court was without jurisdiction to resentence him as to the remaining counts.

The magistrate judge recommended that the district court grant Foy's § 2255 motion and order resentencing. Foy filed objections to the magistrate judge's report. The district court accepted in part the magistrate judge's report and recommendation. The court ordered that Foy's § 2255 motion be granted and the 60-month sentence for a violation of § 924(c)(1) be vacated. The court did not order resentencing, reasoning that it lacked jurisdiction to resentence Foy. The court ordered that the vacating of the 60-month sentence be stayed pending final resolution of an appeal by the government. The government filed a timely notice of appeal.[3]

## II.  ANALYSIS

The Sentencing Guidelines provide for a two-level enhancement if the defendant possessed a firearm during the commission of a drug offense. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) (1995) [hereinafter USSG]. Although sentenced on

---

[3] Although 28 U.S.C. § 2253 states that a certificate of appealability is required to appeal from a "final order" in a § 2255 proceeding, it is well-settled that the government is not required to obtain such a certificate. *See* FED. R. APP. P. 22(b) ("If an appeal is taken by a State or its representative, a certificate of appealability is not required."); *cf. Texas v. Graves*, 352 F.2d 514, 514 (5th Cir. 1965) ("We are of the opinion that it is not necessary for a state or its representative to obtain a certificate of probable cause in order to take an appeal to the Court of Appeals from a final order granting a writ of habeas corpus . . . .").

three drug offenses, Foy did not receive this enhancement because he was also sentenced for using a gun during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and the Sentencing Guidelines prohibit sentencing for a § 924(c)(1) conviction and also applying the two-level enhancement for the other drug offenses. *See* USSG § 2K2.4 Application Note 2.

The government argues that because Foy's § 924(c)(1) conviction has been vacated pursuant to *Bailey*, the restriction in USSG § 2K2.4 no longer applies and the district court should have resentenced Foy on the other counts to take into account the possession of the firearm. Foy responds that he did not challenge his sentence on the other convictions and, as such, the district court had authority only to alter the sentence he challenged.

The district court agreed with Foy, concluding that "the Court has no authority to resentence the movant on the remaining counts for which he was legally convicted." Because the district court determined it had no authority to resentence Foy on the drug convictions, "the Court decline[d] to reach the double jeopardy and due process arguments implicated by the Government's request to resentence the movant."

At the time of the district court's decision, no Fifth Circuit cases addressed the authority of a district court to resentence a defendant on other drug offenses after vacating a

5

§ 924(c)(1) conviction pursuant to *Bailey*.  However, a panel of this court recently confronted the issue in *United States v. Rodriguez*, No. 96-30878, 1997 WL 265121 (5th Cir. May 20, 1997). Rodriguez was sentenced for conspiracy and possession with intent to distribute cocaine and for two firearms offenses under § 924(c)(1).  *Id.* at *1.  After *Bailey*, Rodriguez filed a § 2255 motion to vacate his firearms convictions, and the district court granted his motion.  *Id.*  The district court resentenced Rodriguez on his other two drug offenses to account for the possession of a gun, which the court previously had been prevented from considering because of the § 924(c)(1) convictions.  *Id.*  Rodriguez argued that the district court had no authority to resentence him on the drug offenses because he had not challenged those sentences.  *Id.*  We affirmed, concluding that the district court, in modifying the other sentences to account for possession of the guns, acted as "authorized and directed" by § 2255, which provides:

> If the court finds that . . . the sentenced imposed was not authorized by law . . . , the court shall . . . correct the sentence as may appear appropriate.

The pertinent facts in the case at bar are identical to those in *Rodriguez*, and therefore the district court erred in determining that it did not have authority to resentence Foy on the drug offenses to account for gun possession.  Thus, we remand for the district court to resentence Foy.

6

Such resentencing does not implicate double jeopardy. *Rodriguez* specifically addressed the argument that resentencing on the drug offenses to account for gun possession constituted double jeopardy.  1997 WL 265121, at *2.  The court noted that under established law, resentencing poses double jeopardy concerns "only if a defendant has developed a legitimate 'expectation in the finality of [his] original sentence.'"  *Id.* (quoting *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980)).  The court concluded that Rodriguez had no such expectation because he challenged part of a series of interrelated convictions and therefore "the double jeopardy clause was not implicated in the sentencing of Rodriguez."  *Id.*  Again, the pertinent facts in *Rodriguez* are identical to those here, and we conclude that Foy's double jeopardy argument fails because the challenge of his § 924(c)(1) conviction implicated the interrelated drug offenses, meaning he had no legitimate expectation of finality in his original sentence.[4]

### III.  CONCLUSION

---

[4]  The Supreme Court has held that resentencing after a defendant has successfully exercised a legal right can implicate due process if the new sentence is vindictive in nature.  *North Carolina v. Pearce*, 395 U.S. 711 (1969); *United States v. Campbell*, 106 F.3d 64 (5th Cir. 1997).  Because the district court has not actually resentenced Foy, any discussion of this due process issue is premature.

For the foregoing reasons, we REVERSE the district court's determination that it had no authority to resentence Foy and REMAND for resentencing.